Good morning, Your Honors. John Lemon for Juan Garcia Herrera. May it please the Court. Section 851B of Title 21 requires a district court to adhere to a specific procedure before it imposes an enhanced sentence under that title. This court requires strict compliance with that procedure and has held that its omission can result in very real prejudice to a defendant. This court has also held that the California drug statutes are divisible and therefore not categorically drug crimes for purposes of an enhanced sentence under Title 21. Here, the district court imposed a 20-year mandatory enhanced sentence under Title 21 based on a prior California drug conviction, and it did so without complying with the required procedure under 851B. The court also expressly stated that the enhanced sentence it imposed was harsher than the sentence it wanted to impose. The question now before this court is whether the district court's failure to comply with 851B could possibly have been harmless. I don't know if Your Honors wanted me to address the issue of the sentence. There's no question that because the court did not comply with Section 851B below that the sentence imposed was illegal and therefore outside the purview of the appellate waiver. The Ninth Circuit case law is pretty clear on that. A failure to comply with 851B renders a sentence illegal. That's United States v. Rodriguez, and an appeal waiver will not apply if the sentence violates the law, United States v. Bibler. The court also has said that a general appellate waiver does not prevent the court from analyzing the claim of an illegal sentence, and that was just last year in United States v. Pollard. So the appellate waiver, I think, obviously does not apply to this case. With respect, really the question here is, was Mr. Garcia Herrera prejudiced? And clearly he was. He was sentenced to a 20-year sentence that the trial court or the district court did not wish to impose based on a prior conviction that this court has subsequently held is not a drug crime for purposes of the statute. So does the court have any questions? Am I overlooking something? Didn't he admit that his prior conviction was a drug felony offense? He said to the information and didn't he admit it at sentencing? His attorney filed some papers in which he stated that his client had been convicted of prior drug offenses, but this court in Ocampo Estrada said specifically that doesn't count. That does not establish that the priors were drug crimes because that is not within the group of judicially noticeable documents. The documents that a district court can consider to determine whether a divisible or non-categorical offense is, in fact, a drug crime does not include statements made in the instant case, and that was Ocampo Estrada. The court was very clear about that in Ocampo Estrada. Also, the Ocampo Estrada court stated that a defendant's statement is neither judicially noticeable nor can it constitute an admission that methamphetamine was the element of Section 1378 to which the defendant pleaded guilty. So the Ocampo Estrada court at, I've lost my third side, but the pinpoint side is at 669, gave two very specific reasons why a defendant's statement is not admissible to demonstrate that the prior was categorically a drug trafficking offense or a drug offense. And I guess with that, if the court doesn't have any questions, I would like to reserve the rest of my time for rebuttal. Okay. Thank you. Good morning, Your Honors, and may it please the court. I want to start with a factual note, and then I'm going to transition to discussion of the waiver first. To answer Judge Parker's question, the defendant did admit the 851 here, which is exactly what the defendant in Ocampo Estrada didn't do. And the terms of that admission matter a lot. The defendant here didn't just say he had a prior felony drug offense. In pleading guilty, he pleaded, he admitted, quote, the allegation in count four. That's in the plea agreement at ER 95. He pleaded guilty at ER 92. Count four of the information, which is at ER 117, alleged the defendant had, quote, been finally convicted of a felony drug offense as that term is defined and used in Title 21, United States Code, Sections 802, 44, 841, and 851. Your adversary just told us, as I believe I understand him, that under California law, that admission in the current proceeding doesn't count. That's incorrect, Your Honor. A defendant, of course, can admit an 851. That's what 851B speaks to itself. You don't have to put the government to its proof on every single prior conviction alleged in an 851 information. You can plead them. And just in the same way that you can plead guilty to an offense and it relieves the government of its burden to prove your guilt beyond a reasonable doubt, you can admit a prior conviction and it similarly relieves the government of its burden. In Ocampo Estrada, that's not what happened. There wasn't a plea to the 851 at all. In fact, in Ocampo Estrada, defendant fought everything. He went to trial. He objected to the 851 on various grounds. And then only at sentencing where there's some passing comments about the nature of the conviction. And of course, what someone says at sentencing might not be sufficient to make him guilty of a pleaded offense or an 851. But here we have a plea. And again, defendant didn't just say in general terms that he had some prior. He specifically pleaded to count four. And again, it's an ER 117. Count four specifically listed the drugs at the time of the conviction under 802-44. That completely cuts off defendant's claim. In my view, this really is more of a case about waiver, however. And so before you go to waiver, so you're saying what the district court did here did comply with 851B because it requires the court to inquire whether the defendant affirms or denies a prior conviction after conviction. I would point the court to how. And it requires strict compliance. So I'm just trying to figure out whether the court met this requirement by simply taking his plea. So I'll come back to the waiver of this. So Housley and Severino are the government's best cases on this. And they actually speak to those two requirements the court just mentioned somewhat separately. There's the admit or deny, and then there's the advisement. Housley, on my reading of Housley, all the defendant did was plead guilty to a felon in possession charge that had alleged the same felony that was also alleged in an 851. And Housley found that that plea to the felony as part of the 922G plea was sufficient to satisfy the admit or deny aspect of 851B. It went on to find that any failure to advise on the second half of 851B was harmless. I think at a minimum here, there was no plain error. I think that's the easiest way for the court to get to the conclusion. There's no doubt the plain error review applies under Severino. Plain error review specifically applies to an 851B procedural claim just like this. And reviewed for plain error, I think there's no clear obvious error. I think there's no error at all. But there's certainly no prejudice on this record, just as the court concluded in both Severino and for the same reasons that the court found harmlessness in Housley. So in my view, the 851 procedural claims are pretty well foreclosed by those two cases. I think the waiver argument is very important, however, and so I want to make my best run at it. Factually speaking, we are not just talking about a general waiver. At ER 107, defendants specifically waived his right to appeal, quote, the procedures and calculations used to determine and impose any portion of his sentence. In the same plea agreement, as I just mentioned, he admitted that he had a conviction as charged in count four of the information, which is the 851. And he recognized that by doing so, this is at ER 106, he was relieving the government of the burden to prove the charges beyond a reasonable doubt. He also waived Fifth Amendment claims at ER 106. And then at his change of plea, he explicitly referenced his understanding of these waivers. There is no exception that applies here. In his opening brief, defendant focused more on Buchanan error. I'm not going to address that unless the court has questions about what happened at sentencing. Now defendant is emphasizing the Bibler line. And I would point the court to Bibler itself, which completely forecloses defendant's claim that this is the kind of, quote, illegal sentence as to which a defendant cannot waive the right to appeal. Bibler defines what an illegal sentence is. So Bibler says that the only exception to waiver that argue applies to the instant case is the exception for illegal sentences. A sentence is illegal if it exceeds the permissible statutory penalty for the crime. That is not the kind of illegality at issue here. What we're talking about is a, in my view, somewhat run-of-the-mill sentencing procedural claim. There are all sorts of sentencing procedural claims, which under this court's precedent in, say, Cardi, can render a sentence illegal if a district court violates them. You can fail to advise a defendant under Rule 32. You can calculate the guidelines incorrectly. All of those are a potential basis for reversible error. And of course a defendant can waive those kinds of procedural claims. That's the whole point of a waiver like the waiver here, that the defendant waives the right to appeal the procedures and calculations in a sentence. That the particular procedure here is under 851 as opposed to Rule 32 or 3553 makes absolutely no difference. It is absolutely waivable. And when Bibler or Pollard talk about the kinds of claims that can't be waived, that is not the kind of illegality that 851B entails. And the specific, incredibly clear waiver at issue here should be enforced. And so defendant's appeal shouldn't just be denied on the merits. It should be dismissed. If the court has no further questions, the government would submit. Thank you. Judge Gould? No. Thank you. No questions.  Okay. I think I'll work backwards from where the prosecutor left off. First of all, this is very clearly an illegal sentence. The Ninth Circuit case law could not be more clear on that point. I'll give you a second to find it. Again, and I believe I already cited it to your honors, in United States v. Rodriguez, this court said, quote, the general rule is If the United States attorney files an information under this section, the court shall, after conviction but before pronouncement of sentence, inquire of the person with respect to whom the information was filed, whether he affirms or denies that he has been previously convicted, as alleged in the information, and shall inform him that any challenge to a prior conviction, which is not made before sentence is imposed, may not thereafter be raised to attack the There is nowhere in the record does the government point to that colloquy ever taking place. This is, therefore, an illegal sentence under Rodriguez. And again, the Ninth Circuit cases are very clear that if there is an illegal sentence, the appellate waiver does not apply. With respect to plain error, first of all, I disagree. Just have you circle back and remind me why the plea to the information that specifically admitted this offense doesn't suffice. Well, there was a plea agreement here. I'm sorry, what's the question? He pled, and he admitted the allegations, I think it was in paragraph 4 of the information. Right, but A51B is very clear that after the plea, or after conviction but before sentencing, the court has to make the inquiry, and the court didn't do that. So the government's argument, taken to its logical extreme, would exclude A51B from every case where a defendant pleads guilty. It would only apply in convictions without guilty pleas or convictions after trial. That's not what the statute says. The statute says if the government files an information after the guilty plea, or excuse me, after the conviction but before sentencing, the court has to conduct this inquiry, and the court didn't do that. So this is an illegal sentence under A51B in the United States v. Rodriguez. So with respect to plain error, first of all, I disagree that this court reviews for plain error because subsequent to the case that counsel cited, this court noted that the whole point of A51B is that we're supposed to put the defendant on notice that he has rights to challenge the prior conviction, and to actually punish the defendant for failing to raise the court's failure to alert him gets it exactly backward and is a perverse interpretation of the statute. So I don't believe that plain error review applies. I think it's simply harmless error. However, even under plain error review, we have a defendant who received a sentence that the district court said was longer, harsher than the sentence the district court wanted to impose. He imposed that sentence erroneously because we now know that the prior drug conviction that Mr. Herrera has is not actually a prior conviction for purposes of A51. And so Mr. Herrera ends up serving a 20-year sentence, which is longer than the district court wanted to impose. That's prejudice, and it affected his substantial rights and the integrity of the proceedings. I see that I'm out of time, but just very quickly, I wanted to point out in Ocampo-Estrada, the court dealt with this issue of admissions made by the defendant, and I mentioned this already, but the court was very specific that a statement made in the instant case is outside the limited class of documents from the record of the prior conviction, which a sentencing court may rely upon to determine which version of an offense was the basis of the prior conviction. So Mr. Herrera has been substantially prejudiced, and this court should reverse. Thank you very much. Thank you both. For your oral argument presentations here today, the case of United States of America v. Juan Garcia Herrera is submitted.
judges: Parker, Gould, Murguia